UNITED STATES of America,
Appellee,

v.

Martin AGUILAR, also known as Sassy, Jeffrey Taylor, Quincy Martinez, Angel Navarro, also known as Prep, Anthony Perez, also known as Little Anthony, Edwin Aguilar, also known as Lucky, Armando Molina, Eric Rosario, also known as Buzz, Defendants,

Gilberto Caraballo, also known as Carlos Caraballo, also known as Anthony Rodriguez, Defendant–Appellant.

No. 08–4640–cr.

United States Court of Appeals, Second Circuit.

Nov. 5, 2009.

James E. Neuman (David Stern, on the brief), New York, NY, for Appellant.

David Bitkower, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: PIERRE N. LEVAL, REENA RAGGI and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Defendant Gilberto Caraballo was convicted, after a jury trial, of five counts relating to the murder of Jose Fernandez, *see* 18 U.S.C. § 1958(a) (substantive and conspiratorial murder-for-hire); *id.* § 373(a) (solicitation to commit a crime of violence); *id.* § 924(c) (use of a firearm in relation to a crime of violence); 21 U.S.C. § 848(e)(1)(A) (murder while engaging in a narcotics offense); one count relating to the murder of Edward Cortes, *see id.* (murder while engaging in a narcotics offense); conspiracy to distribute five kilograms or more of cocaine hydrochloride and fifty grams or more of cocaine base ("crack"), *see id.* §§ 841(b)(1)(A), 846; and two counts of firearm possession, *see* 18 U.S.C. § 922(g) (felon in possession of a

firearm); *id.* § 924(c) (possession of a firearm in furtherance of a drug trafficking crime). Caraballo was principally sentenced to five concurrent life sentences. On appeal, Caraballo challenges (1) the sufficiency of the evidence supporting his § 848(e)(1)(A) conviction for the murder of Jose Fernandez, as well as (2) the district court's failure (a) to dismiss a juror for cause after the start of trial, and (b) to give a multiple conspiracies charge. We address Caraballo's sufficiency challenge in a published opinion issued today. *See United States v. Caraballo,* 585 F.3d 652 (2d Cir.2009). We here address his claims of error by the district court. We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Failure To Dismiss Juror Five*

■ Caraballo asserts that the district court abused its discretion in not dismissing Juror Five for cause when, after the first full day of trial testimony, he expressed safety concerns because (1) he often worked in the neighborhood where many of the charged offenses took place, and (2) he had been previously struck by a stray bullet. We accord considerable deference to a trial court's decision whether or not to remove a juror for cause, mindful that the court's findings regarding actual or potential bias are "based upon determinations of demeanor and credibility that are peculiarly within a trial judge's province." *Wainwright v. Witt,* 469 U.S. 412, 428, 105 S.Ct. 844, 83 L.Ed.2d 841 (1985); *accord Uttecht v. Brown,* 551 U.S. 1, 8, 127 S.Ct. 2218, 167 L.Ed.2d 1014 (2007) (collecting cases and noting deference due trial court in jury selection "because so much may turn on a potential juror's demeanor"). We will not disturb a decision regarding a juror's ability to serve "absent a clear abuse of discretion," *United States v.*

*Perez,* 387 F.3d 201, 205 (2d Cir.2004), which we do not identify here.

The nature of Juror Five's work and the fact that he had been shot were revealed and discussed before trial, at which time no challenge was raised to his service. When Juror Five voiced safety concerns after trial began, the trial court conducted an extensive colloquy, at the conclusion of which the juror affirmed that (1) his concerns "wouldn't interfere" with his ability to perform as a juror, and (2) that he would be fair and impartial "to the best of [his] ability." Trial Tr. at 1723. The district court credited these statements, "surmis[ing]" that the juror's expressed concerns related more "to his suddenly being selected for this jury" than to a "serious" apprehension "for his personal safety." *Id.* at 1725.

■ Given the juror's clear expression of his "willingness to exert truly best efforts to decide the case without reference to [his] predispositions and based solely on the evidence presented at trial," *United States v. Nelson,* 277 F.3d 164, 202–03 (2d Cir.2002) (citing cases), and the fact that defense counsel did not request further inquiry as to the juror's ability to be fair, we can identify no abuse of discretion in the district court's refusal to dismiss Juror Five. Moreover, in light of the district court's conscientious handling of this matter and its "broad discretion in the questioning of potential jurors," *United States v. Torres,* 128 F.3d 38, 43 (2d Cir.1997), we reject Caraballo's assertion that the district court abused that discretion in declining to pose additional questions to Juror Five regarding his potential bias.

2. *Failure To Give "Multiple Conspiracies" Charge*

■ Caraballo contends that the district court erred in failing to give a "multiple

conspiracies" charge given that (1) Caraballo was charged with separate conspiracies to procure the murder of Jose Fernandez and to distribute narcotics; and (2) the evidence tended to demonstrate that Caraballo may have participated in yet other, uncharged conspiracies, which may have confused the jury. Because this argument was not raised below, we review only for plain error, *see United States v. Miller,* 116 F.3d 641, 672 (2d Cir.1997), and we identify none.[1]

"[T]o secure a reversal for a failure to give a requested multiple-conspiracy charge, a defendant must show," *inter alia,* "that he suffered substantial prejudice resulting from the failure to give the requested charge." *United States v. Maldonado–Rivera,* 922 F.2d 934, 962–63 (2d Cir.1990) (internal quotation marks and citation omitted). Such a showing cannot be made, however, "where there was ample proof before the jury for it to find beyond a reasonable doubt that [the] defendant was a member of the conspiracy charged in the indictment." *United States v. Vazquez,* 113 F.3d 383, 386 (2d Cir.1997). Overwhelming evidence supported Caraballo's membership in both of the charged conspiracies, and, indeed, Caraballo does not attempt to demonstrate otherwise on appeal. His multiple conspiracies charge claim must, therefore, be rejected.

In any event, a multiple conspiracies charge is not called for simply because a defendant, standing trial alone, is charged with participating in more than one conspiracy. *See United States v. Corey,* 566 F.2d 429, 431 n. 3 (2d Cir.1977). A multiple conspiracies charge is designed to assist the jury in determining whether or not a particular charged conspiracy was truly

a "single conspiracy," not to remind them separately to consider each charged conspiracy. *See* 1 Sand et al., Modern Federal Jury Instructions—Criminal ¶ 19.01, Instruction 19–5 & cmt. at 19–22 (2009) ("Generally speaking, the instruction is appropriate in cases where a number of defendants have been collectively charged in the indictment with participation in a single, overall conspiracy, but where there is a basis for the defense claim that multiple conspiracies existed."). As the government notes, such a reminder was adequately provided when the district court instructed the jury that "[e]ach count and the evidence pertaining to it should be considered separately." Trial Tr. at 3659. Moreover, although Caraballo asserts that the admission—not challenged here—of evidence regarding additional uncharged crimes and conspiracies "may well have confused" the jury and led them to convict Caraballo because he "had participated in certain conspiracies" other than "the precise ones charged," Appellant's Br. at 42–43, he offers no record support for an assumption that the jury disregarded its instructions as to the limited purposes for which this evidence could be considered in its deliberations, *see Shannon v. United States,* 512 U.S. 573, 585, 114 S.Ct. 2419, 129 L.Ed.2d 459 (1994) (noting "almost invariable assumption . . . that jurors follow their instructions" (internal quotation marks omitted)). We therefore reject Caraballo's multiple conspiracies charge claim as without merit.

### 3. *Conclusion*

For the reasons stated in this order and in the contemporaneous published opinion,

---

1. During the proceedings below, Caraballo's counsel requested a multiple conspiracies charge with respect to the narcotics conspiracy in light of evidence purportedly indicating that this conspiracy had two discrete phases. *See* Charging Conf. Tr. at 12. That argument is not raised on appeal, however.

the judgment of conviction is AFFIRMED.